## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ABEINSA HOLDING INC., *et al.*, | Case No. 16-10790 (KJC) |
| Debtors.[1] | (Jointly Administered) |

### GLOBAL NOTES, METHODOLOGY, AND SPECIFIC DISCLOSURES REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

### INTRODUCTION

Abeinsa Holding Inc.; Abengoa Solar LLC; Abeinsa EPC LLC; Abencor USA, LLC; Inabensa USA, LLC; Nicsa Industrial Supplies, LLC; Abener Construction Services, LLC; Abener North America Construction, LP; Abeinsa Abener Teyma General Partnership; Abener Teyma Mojave General Partnership; Abener Teyma Inabensa Mount Signal Joint Venture; Teyma USA & Abener Engineering and Construction Services General Partnership; Teyma Construction USA, LLC; Abener Teyma Hugoton General Partnership; Abengoa Bioenergy New Technologies, LLC; Abengoa Bioenergy Hybrid of Kansas, LLC; Abengoa Bioenergy Technology Holding, LLC; Abengoa US Holding, LLC; Abengoa US, LLC; and Abengoa US Operations, LLC, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), with the assistance of their advisors, have filed their respective Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements" and, together with the Schedules, the "Schedules and Statements") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 1007 of the Federal Rules of Bankruptcy Procedure, and Rule 1007-1 of the Local Rules of Bankruptcy Procedure for the United States Bankruptcy Court for the District of Delaware (collectively, the "Bankruptcy Rules").

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Abengoa US Holding, LLC (6871); Abengoa US, LLC (9573); Abengoa US Operations, LLC (1268); Abeinsa Holding Inc. (9489); Abeinsa EPC LLC (1176); Abencor USA, LLC (0184); Abener Construction Services, LLC (0495); Abener North America Construction, LP (5989); Inabensa USA, LLC (2747); Nicsa Industrial Supplies LLC (9076); Teyma Construction USA, LLC (0362); Abeinsa Abener Teyma General Partnership (2513); Abener Teyma Mojave General Partnership (2353); Abener Teyma Inabensa Mount Signal Joint Venture (9634); Teyma USA & Abener Engineering and Construction Services General Partnership (6534); Abener Teyma Hugoton General Partnership (7769); Abengoa Solar, LLC (6696); Abengoa Bioenergy Biomass of Kansas (1119); Abengoa Bioenergy Hybrid of Kansas, LLC (9711); Abengoa Bioenergy Technology Holding, LLC (7424); Abengoa Bioenergy New Technologies, LLC (8466).

These Global Notes, Methodology, and Specific Disclosures Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of all of each Debtor's Schedules and Statements. The Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled with the financial statements of each Debtor. Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment and reflect the Debtors' commercially reasonable efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.

The Debtors and their agents, attorneys and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained herein. While every effort has been made to provide accurate and complete information herein, inadvertent errors or omissions may exist. The Debtors and their agents, attorneys and financial advisors expressly do not undertake any obligation to update, modify, revise or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised or re-categorized. In no event shall the Debtors or their agents, attorneys and financial advisors be liable to any third party for any direct, indirect, incidental, consequential or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business or lost profits), whether foreseeable or not and however caused, even if the Debtors or their agents, attorneys and financial advisors are advised of the possibility of such damages.

Given, among other things, the uncertainty surrounding the valuation of certain assets and the valuation and nature of certain liabilities, to the extent that a Debtor shows more assets than liabilities, this is not an admission that such Debtor was solvent at its respective Petition Date (as defined herein) or at any time prior to its Petition Date. Likewise, to the extent a Debtor shows more liabilities than assets, it is not an admission that such Debtor was insolvent at its respective Petition Date or any time prior to its Petition Date.

Joaquín Fernandez de Pierola Marín, the President of Abengoa, S.A., has signed the Schedules and Statements on behalf of Abengoa US Holding, LLC; Abengoa US, LLC; Abengoa US Operations, LLC; and Abeinsa Holding Inc. Mr. Fernandez de Pierola is an authorized signatory for Abengoa US Holding, LLC; Abengoa US, LLC; Abengoa US Operations, LLC; and Abeinsa Holding Inc. In reviewing and signing the Schedules and Statements, Mr. Fernandez de Pierola necessarily has relied upon the efforts, statements, and representations of various personnel employed by the Debtors and their advisors. Mr. Fernandez de Pierola has not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules and Statements, including statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

Maria Delgado, the Corporate Controller of Abengoa Solar LLC, has signed the Schedules and Statements on behalf of Abengoa Solar LLC.  Ms. Delgado is an authorized signatory for Abengoa Solar LLC.  In reviewing and signing the Schedules and Statements, Ms. Delgado necessarily has relied upon the efforts, statements, and representations of various personnel employed by the Debtors and their advisors.  Ms. Delgado has not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules and Statements, including statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

Borja Navarro Fernandez, the Chief Financial Officer and Vice President of Business Development of Abengoa, S.A., has signed the Schedules and Statements on behalf of Abener Construction Services, LLC and Abener North America Construction LP.  Mr. Navarro is an authorized signatory for Abener Construction Services, LLC and Abener North America Construction LP.  In reviewing and signing the Schedules and Statements, Mr. Navarro necessarily has relied upon the efforts, statements, and representations of various personnel employed by the Debtors and their advisors.  Mr. Navarro has not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules and Statements, including statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

Emilio Rodriguez Izquierdo, the Chief Executive Officer of Inabensa USA LLC, has signed the Schedules and Statements on behalf of Inabensa USA LLC.  Mr. Rodriguez is an authorized signatory for Inabensa USA LLC.  In reviewing and signing the Schedules and Statements, Mr. Rodriguez necessarily has relied upon the efforts, statements, and representations of various personnel employed by the Debtors and their advisors.  Mr. Rodriguez has not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules and Statements, including statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

José Carlos Gomez, the Chief Executive Office of Nicsa Industrial Supplies LLC, has signed the Schedules and Statements on behalf of Nicsa Industrial Supplies LLC.  Mr. Gomez is an authorized signatory for Nicsa Industrial Supplies LLC.  In reviewing and signing the Schedules and Statements, Mr. Gomez necessarily has relied upon the efforts, statements, and representations of various personnel employed by the Debtors and their advisors.  Mr. Gomez has not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules and Statements, including statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

Pedro Arturo Montoro Sanchez, the Chief Operating Officer of Abencor USA LLC, has signed the Schedules and Statements on behalf of Abencor USA LLC.  Mr. Montoro is an authorized signatory for Abencor USA LLC.  In reviewing and signing the Schedules and Statements, Mr. Montoro necessarily has relied upon the efforts, statements, and representations of various personnel employed by the Debtors and their advisors.  Mr. Montoro has not (and could not have) personally verified the accuracy of each statement and representation contained

in the Schedules and Statements, including statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

Sebastian Felicetti, the Treasurer of Abeinsa EPC LLC, has signed the Schedules and Statements on behalf of Abeinsa EPC LLC, Abeinsa Abener Teyma General Partnership, Teyma USA & Abener Engineering and Construction Services General Partnership, Teyma Construction USA, LLC, and Abener Teyma Hugoton General Partnership.  Mr. Felicetti is an authorized signatory for Abeinsa EPC LLC, Abeinsa Abener Teyma General Partnership, Teyma USA & Abener Engineering and Construction Services General Partnership, Teyma Construction USA, LLC, and Abener Teyma Hugoton General Partnership.  In reviewing and signing the Schedules and Statements, Mr. Felicetti necessarily has relied upon the efforts, statements, and representations of various personnel employed by the Debtors and their advisors.  Mr. Felicetti has not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules and Statements, including statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

Javier Ramirez, the Chief Executive Officer of Abengoa Transmission & Infrastructure, LLC, has signed the Schedules and Statements on behalf of Abener Teyma Mojave General Partnership and Abener Teyma Inabensa Mount Signal Joint Venture.  Mr. Ramirez is an authorized signatory for Abener Teyma Mojave General Partnership and Abener Teyma Inabensa Mount Signal Joint Venture.  In reviewing and signing the Schedules and Statements, Mr. Ramirez necessarily has relied upon the efforts, statements, and representations of various personnel employed by the Debtors and their advisors.  Mr. Ramirez has not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules and Statements, including statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

Sandra Porras Serrano, the Chief Financial Officer of Abengoa Bioenergy, has signed the Schedules and Statements on behalf of Abengoa Bioenergy Hybrid of Kansas, LLC; Abengoa Bioenergy New Technologies, LLC; and Abengoa Bioenergy Technology Holding LLC.  Ms. Porras is an authorized signatory for Abengoa Bioenergy Hybrid of Kansas, LLC; Abengoa Bioenergy New Technologies, LLC; and Abengoa Bioenergy Technology Holding LLC.  In reviewing and signing the Schedules and Statements, Ms. Porras necessarily has relied upon the efforts, statements, and representations of various personnel employed by the Debtors and their advisors.  Ms. Porras has not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules and Statements, including statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

## GLOBAL NOTES AND OVERVIEW OF METHODOLOGY

1. **Reservation of Rights**.  Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions may exist.  The Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Schedules and Statements with respect to any claim ("Claim") description,

designation, or Debtor against which the Claim is asserted; dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; subsequently designate any Claim as "disputed," "contingent," or "unliquidated"; or object to the extent, validity, enforceability, priority, or avoidability of any Claim.  Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such Claim or amount is not "disputed," "contingent," or "unliquidated." Listing a Claim does not constitute an admission of liability by the Debtor against which the Claim is listed or against any of the Debtors.  Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to the Debtors' chapter 11 cases, including, without limitation, issues involving Claims, substantive consolidation, defenses, equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers.  Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.  Notwithstanding the foregoing, the Debtors shall not be required to update the Schedules and Statements.

2.  **Description of Cases and "As Of" Information Date**.  On March 29, April 6 and April 7, 2016 (the "Petition Dates," and each a "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.[2]  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

On March 31, 2016, the Bankruptcy Court entered an order directing joint administration of certain of the Debtors' chapter 11 cases [D.I. 5].  On April 11, 2016, the Bankruptcy Court entered an order directing supplemental joint administration of all of the Debtors' chapter 11 cases [D.I. 67].  No party has requested the appointment of a trustee or examiner in these chapter 11 cases.  On April 13, 2016, the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors in these chapter 11 cases [D.I. 74].

The asset information provided herein represents the asset data of the Debtors as of the close of business on March 31, 2016, except as otherwise noted.  The liability information provided herein represents the liability data of the Debtors as of each of the Debtors' respective Petition Dates, except as otherwise noted.

---

[2] Abeinsa Holding Inc.; Abengoa Solar LLC; Abeinsa EPC LLC; Abencor USA, LLC; Inabensa USA, LLC; Nicsa Industrial Supplies, LLC; Abener Construction Services, LLC; Abener North America Construction, LP; Abeinsa Abener Teyma General Partnership; Abener Teyma Mojave General Partnership; Abener Teyma Inabensa Mount Signal Joint Venture; Teyma USA & Abener Engineering and Construction Services General Partnership; and Teyma Construction USA, LLC filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code on March 29, 2016.  Abener Teyma Hugoton General Partnership; Abengoa Bioenergy Hybrid of Kansas, LLC; Abengoa Bioenergy New Technologies, LLC; Abengoa Bioenergy Biomass of Kansas, LLC; and Abengoa Bioenergy Technology Holding, LLC filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code on April 6, 2016. Abengoa US Holding, LLC; Abengoa US, LLC; and Abengoa US Operations, LLC filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code on April 7, 2016.

3. **Net Book Value of Assets**.  It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate resources for the Debtors to obtain current market valuations for all of their assets.  Accordingly, unless otherwise indicated, the Debtors' Schedules and Statements reflect net book values as of the appropriate Petition Date.  Additionally, because the book values of assets, including those such as intellectual property and accounts receivable, may materially differ from their fair market values, they may be listed as undetermined amounts as of the appropriate Petition Date.  Furthermore, values for assets that have been fully depreciated or that were expensed for accounting purposes may not appear in these Schedules and Statements or may be listed with a value of $0 as they have no net book value.  Book values of assets prepared in accordance with GAAP generally do not reflect the current performance of the assets and may differ materially from the actual value and/or performance of the underlying assets.

4. **Recharacterization**.  Notwithstanding the Debtors' commercially reasonable efforts to properly characterize, classify, categorize, or designate certain Claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors may nevertheless have improperly characterized, classified, categorized, designated, or omitted certain items due to the complexity and size of the Debtors' businesses.  Accordingly, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, redesignate, add, or delete items reported in the Schedules and Statements at a later time as is necessary or appropriate as additional information becomes available, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the appropriate Petition Date and remain executory and unexpired post-petition.  Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.

5. **Liabilities**.  The Debtors have sought to allocate liabilities between the prepetition and post-petition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and post-petition periods may change.  Accordingly, the Debtors reserve all of their rights to amend, supplement, or otherwise modify the Schedules and Statements as is necessary or appropriate.

The liabilities listed on the Schedules do not reflect any analysis of Claims under section 503(b)(9) of the Bankruptcy Code.  Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted Claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's Claim.

6. **Excluded Assets and Liabilities**.  The Debtors have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements, including, without limitation, goodwill, accrued salaries and employee benefit accruals.  The Debtors also have excluded rejection damage Claims of counterparties to executory contracts and unexpired leases that may or may not be rejected, to the extent such damage Claims exist or are anticipated to or

may accrue at some time in the future.  In addition, certain immaterial assets and liabilities may have been excluded.

The Bankruptcy Court has authorized the Debtors to pay, in their discretion, certain outstanding pre-Petition Date Claims post-petition.  Prepetition liabilities that have been or may be paid post-petition under existing authorizations or any authorization that may be approved by the Bankruptcy Court after the date hereof may have been excluded from the Schedules and Statements.

7. **Insiders**.  For purposes of the Schedules and Statements, the Debtors defined "insiders" pursuant to section 101(31) of the Bankruptcy Code as (a) directors, (b) officers, (c) persons in control of the Debtors, (d) affiliates, and (e) relatives of the Debtors' directors, officers or persons in control of the Debtors.  Persons listed as "insiders" have been included for informational purposes only and by including them in the Schedules, shall not constitute an admission that those persons are insiders for purposes of section 101(31) of the Bankruptcy Code or otherwise under applicable law. Further, the listing of a party as an "insider" is not intended to be, nor shall be, construed as a legal characterization or determination of such person as an actual insider and does not act as an admission of any fact, claim, right, or defense, and all such rights, claims and defenses are hereby expressly reserved.  Moreover, the Debtors do not take any position with respect to (a) any insider's or Person's influence over the control of the Debtors, (b) the management responsibilities or functions of any such insider, (c) the decision making or corporate authority of any such insider, or (d) whether the Debtors or any such insider could successfully argue that he or she is not an "insider" under applicable law or with respect to any theories of liability or for any other purpose.

8. **Intellectual Property Rights**.  Exclusion or omission of certain intellectual property shall not be construed as an admission that such intellectual property rights do not exist, have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

In addition, although the Debtors have made diligent efforts to attribute intellectual property to the rightful Debtor entity, in certain instances, intellectual property owned by one Debtor may, in fact, be owned by another.  Furthermore, the Debtors have made diligent efforts to discern whether any Debtor owns intellectual property outright or whether all or a portion of any intellectual property is licensed from a third party.  Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all such intellectual property rights.

9. **Executory Contracts**.  Although the Debtors made diligent attempts to identify contracts and leases as executory and unexpired within the scope of section 365 of the Bankruptcy Code and to attribute an executory contract to its rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so due to the complexity and size of the Debtors' businesses.  Accordingly, the Debtors reserve all of their rights with respect to the inclusion or exclusion of executory contracts and unexpired leases, as well as the named parties to any and all executory contracts and unexpired leases, including the right to amend Schedule G.

10. **Classifications**.  Listing (a) a Claim on Schedule D as "secured," (b) a Claim on Schedules E or F as "priority," (c) a Claim on Schedules E or F as "unsecured," or (d) a contract or lease on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' rights to re-characterize or reclassify such Claim or contract or lease or to setoff of such Claims.

11. **Claims Description**.  Schedules D, E, and F permit each of the Debtors to designate a Claim as "disputed," "contingent," and/or "unliquidated."  Any failure to designate a Claim on a given Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by that Debtor that liability for and amount of such Claim is not "disputed," "contingent," and/or "unliquidated," or that such Claim is not subject to objection.  The Debtors reserve all of their rights to dispute, or assert offsets or defenses to, any Claim reflected on their respective Schedules and Statements on any grounds, including liability, amount or classification.  Additionally, the Debtors expressly reserve all of their rights to subsequently designate such Claims as "disputed," "contingent" or "unliquidated."  Moreover, listing a Claim does not constitute an admission of liability by the Debtors.  Finally, listing a Claim that has been or may be paid post-Petition Date does not negate the effect of the payment of such Claim, or entitle the holder of any such Claim to double payment on account of such Claim.

12. **Causes of Action**.  Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third-parties as assets in the Schedules and Statements, including, without limitation, causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers.  The Debtors reserve all of their rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, liquidated or unliquidated, fixed or contingent, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Dates, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, "Causes of Action") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any claims or Causes of Action or in any way prejudice or impair the assertion of such claims or Causes of Action, nor may the Schedules and Statements be used in any litigation in these or related to these chapter 11 cases.

13. **Summary of Significant Reporting Policies**.  The following is a summary of significant reporting policies:

        a.     Undetermined Amounts.  The description of an amount or value as "unknown," "TBD" or "undetermined" is not intended to reflect upon the materiality of such amount or value.

     b.    <u>Totals</u>. All totals that are included in the Schedules and Statements represent totals of all known amounts. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

     c.    <u>Paid Claims</u>. The Debtors were authorized (but not directed) to pay certain outstanding prepetition Claims pursuant to various orders entered by the Bankruptcy Court. Accordingly, certain outstanding liabilities may have been reduced by, satisfied by, or omitted on account of post-petition payments made on account of prepetition liabilities. To the extent the Debtors pay any of the Claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all of their rights to amend or supplement the Schedules and Statements or take other action as is necessary or appropriate to avoid over-payment of or duplicate payments for any such liabilities.

     d.    <u>Liens</u>. Property and equipment listed in the Schedules and Statements are presented without consideration of any liens that may attach (or have attached) to such property and equipment, unless otherwise provided.

14. **<u>Currency</u>**. Unless otherwise indicated, all amounts are reflected in U.S. dollars.

15. **<u>Intercompany</u>**. Intercompany payables and receivables between the Debtors are set forth on Schedules E/F and A/B, as applicable.

The listing by the Debtors of any account between a Debtor and another Debtor or between a Debtor and a non-Debtor affiliate is a statement of what appears in a particular Debtor's books and records and does not reflect any admission or conclusion of the Debtors regarding the allowance, classification, characterization, validity, value, or priority of such account. The Debtors take no position in these Schedules and Statements as to whether such accounts would be allowed as a Claim, an Interest, or not allowed at all. The Debtors and all parties in interest reserve all rights with respect to such accounts.

16. **<u>Setoffs</u>**. The Debtors incur certain offsets and other similar rights during the ordinary course of business. Offsets in the ordinary course can result from various items, including, without limitation, intercompany transactions, pricing discrepancies, returns, refunds, rebates, warranties, debit memos, contract allowances, credits, and other disputes between the Debtors and their suppliers or customers. These offsets and other similar rights are consistent with the ordinary course of business in the Debtors' industry and are not tracked separately. Therefore, although such offsets and other similar rights may have been accounted for when certain amounts were included in the Schedules, offsets are not independently accounted for, and as such, are or may be excluded from the Debtors' Schedules and Statements.

17. **Employee Addresses**.    Employee addresses have been removed from entries listed throughout the Schedules and Statements, where applicable.

18. **Global Notes Control**.    In the event that the Schedules and Statements differ from the foregoing Global Notes, the Global Notes shall control.

### SPECIFIC DISCLOSURES WITH RESPECT TO THE DEBTORS' SCHEDULES

**Schedules Summary.** Except as otherwise noted, the asset information provided herein represents the Debtors' data regarding their assets as of March 31, 2016, and the liability information provided herein represents the Debtors' data regarding their liabilities as of March 31, 2016.

For financial reporting purposes, the Debtors and certain of their non-Debtor affiliates ordinarily prepare consolidated financial statements. Unlike the consolidated financial statements, the Schedules reflect the assets and liabilities of each of the Debtors on a nonconsolidated basis, except where otherwise indicated. Accordingly, the totals listed in the Schedules will likely differ, at times materially, from the consolidated financial reports prepared by the Debtors for financial reporting purposes or otherwise.

The Schedules do not purport to represent financial statements prepared in accordance with GAAP, nor are they intended to be fully reconciled with the financial statements of each Debtor. Additionally, the Schedules contained unaudited information that is subject to further review and potential adjustment, and reflect the Debtors' reasonable efforts to report the assets and liabilities of each Debtor on an unconsolidated basis. Moreover, given, among other things, the uncertainty surrounding the collection and ownership of certain assets and the valuation and nature of certain liabilities, to the extent that a Debtor shows more assets than liabilities, this is not an admission that the Debtor was solvent as of the Debtor's respective Petition Date or at any time before the Debtor's respective Petition Date.  Likewise, to the extent a Debtor shows more liabilities than assets, this is not an admission that the Debtor was insolvent as of the Debtor's respective Petition Date or at any time before the Debtor's respective Petition Date.

**Schedules A/B.** The Debtors are party to a significant number of executory contracts and unexpired leases. Therefore, in an effort to avoid duplication, the Debtors have provided a list of such executory contracts and unexpired leases on Schedule G only.

**Part 1.**  Details with respect to the Debtors' cash management system and bank accounts are provided in the *Debtors' Motion for Entry of an Order (a) Authorizing the Debtors to (i) Continue Using Their Existing Cash Management System and (ii) Maintain Existing Bank Accounts and Business Forms; (b) Authorizing Continued Intercompany Claims; and (c) Granting Postpetition Intercompany Claims and Administrative Expense Priority*, filed on March 29, 2016 [D.I. 10] (the "Cash Management Motion") and the *Notice of Amended Schedules and Exhibits to the First Day Motions* filed on April 18, 2016 [D.I. 91].  The bank account balances listed are as of the Debtor's respective Petition Date.

**Part 2**.  The Bankruptcy Court, pursuant to the *Final Order (i) Approving Debtors' Proposed Form of Adequate Assurance of Payment, (ii) Establishing Procedures for Resolving Objections by Utility Companies, and (iii) Prohibiting Utility Companies from Altering, Refusing, or*

*Discontinuing Service*, entered on April 27, 2016 [D.I. 131], has authorized the Debtors to provide adequate assurance of payment for future utility services, including establishing one or more utility deposit accounts. Such deposits are not listed on Schedule A/B, which reflects deposits as of the Debtor's respective Petition Date.

Additionally, the pre-payments and deposits to affiliated parties have been reconciled but may be subject to material changes in the balance.

**Part 11**.  In the ordinary course of their businesses, the Debtors may have accrued, or may subsequently accrue, certain rights to counter claims, cross-claims, setoffs, refunds with, or potential warranty claims against their suppliers. Additionally, certain of the Debtors may be a party to pending litigation in which the Debtors have asserted, or may assert, claims or cross-claims as a plaintiff or counter claims as a defendant. Because such claims are unknown to the Debtors and not quantifiable as of the Petition Dates, they are not listed on Schedule A/B.

The listing by the Debtors of any account between a Debtor and another Debtor or between a Debtor and a non-Debtor affiliate is a statement of what appears in a particular Debtor's books and records and does not reflect any admission or conclusion of the Debtors regarding the allowance, classification, characterization, validity, value, or priority of such account. The Debtors take no position in these Schedules and Statements as to whether such accounts would be allowed as a Claim, an Interest, or not allowed at all. The Debtors and all parties in interest reserve all rights with respect to such accounts.

Intercompany payables and receivables between the Debtors are set forth on Schedule E/F or Schedule A/B.77, as applicable. The listing by the Debtors of any account between a Debtor and another Debtor or between a Debtor and a non-Debtor affiliate is a statement of what appears in a particular Debtor's books and records and does not reflect any admission or conclusion of the Debtors regarding the allowance, classification, characterization, validity, value or priority of such account. The Debtors take no position in these Schedules and Statements as to whether such accounts would be allowed as a Claim, an Interest, or not allowed at all. The Debtors and all parties in interest reserve all rights with respect to such accounts.

**Schedule D**.  Except as otherwise agreed pursuant to a stipulation or order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset of a secured creditor listed on Schedule D of any Debtor. Moreover, except as otherwise agreed pursuant to a stipulation or order entered by the Bankruptcy Court, the Debtors reserve all of their rights to dispute or challenge the secured nature of any such creditor's Claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's Claim. The descriptions provided in Schedule D are solely intended to be a summary—and not an admission—of liability.

Moreover, the Debtors have not included on Schedule D parties that may believe their Claims are secured through setoff rights or inchoate statutory lien rights.

**Schedule E/F**.  The listing by the Debtors of any account between a Debtor and another Debtor or between a Debtor and a non-Debtor affiliate is a statement of what appears in a particular

Debtor's books and records and does not reflect any admission or conclusion of the Debtors regarding the allowance, classification, characterization, validity, value, or priority of such account. The Debtors take no position in these Schedules and Statements as to whether such accounts would be allowed as a Claim, an Interest, or not allowed at all. The Debtors and all parties in interest reserve all rights with respect to such accounts.

The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtors' books and records and may not reflect credits, allowances, or other adjustments due from such creditors to the Debtors. The Debtors reserve all of their rights with regard to such credits, allowances, and other adjustments, including the right to assert claims objections and/or setoffs with respect to the same.

Schedule E/F does not include certain deferred charges, deferred liabilities, accruals, or general reserves. Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP. Such accruals are general estimates of liabilities and do not represent specific Claims as of the Debtors' respective Petition Dates. The Debtors have made every effort to include as contingent, unliquidated, or disputed the Claim of any vendor not included on the Debtors' open accounts payable that is associated with an account that has an accrual or receipt not invoiced.

Although there are multiple parties that hold a portion of the debt included in the Debtors' Capital Structure[3], only the administrative agents have been listed for purposes of the Schedules. The amounts outstanding under the Debtors' Capital Structure reflect approximate amounts as of the Petition Dates.

**Schedule G**. Although the Debtors' existing books, records, and financial systems have been relied upon to identify and schedule executory contracts at each of the Debtors and reasonable commercial efforts have been made to ensure the accuracy of each Debtor's Schedule G, inadvertent errors, omissions, or over inclusions may have occurred. Certain information, such as the contact information of the counterparty, may not be included where such information could not be obtained using the Debtors' reasonable commercial efforts. Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Debtor's respective Petition Date or is valid or enforceable. The Debtors hereby reserve all of their rights to dispute the validity, status, enforceability, or characterization of any contract, agreement, or lease set forth on Schedule G and to amend or supplement Schedule G as necessary. Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth separately on Schedule G.

---

[3] *See Declaration of William H. Runge, III in Support of Chapter 11 Petitions and First Day Pleadings*[D.I. 3] and *Supplemental Declaration of William H. Runge, III in Support of Supplemental Joint Administration Motion* [D.I. 58].

Certain confidentiality and non-disclosure agreements may not be listed on Schedule G notwithstanding that any such agreement may be executory. The Debtors reserve all of their rights with respect to such agreements.

Certain of the contracts and agreements listed on Schedule G may consist of several parts, including but not limited to, purchase orders, amendments, restatements, waivers, letters, and other documents that may not be listed on Schedule G or that may be listed as a single entry. The Debtors expressly reserve their rights to challenge whether such related materials constitute an executory contract, a single contract or agreement or, multiple, severable, or separate contracts.

The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents. Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed therein shall be deemed to include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed therein. In some cases, the same supplier or provider appears multiple times on Schedule G. This multiple listing is intended to reflect distinct agreements between the applicable Debtor and such counterparty.

The Debtors reserve all of their rights, claims, and Causes of Action with respect to the contracts and leases on Schedule G, including the right to dispute or challenge the characterization of the structure of any transaction or any document or instrument related to a creditor's Claim.

In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their businesses, such as subordination, nondisturbance, and attornment agreements, supplemental agreements, settlement agreements, amendments/letter agreements, title agreements and confidentiality agreements. Such documents may not be set forth on Schedule G. The Debtors reserve all of their rights with respect to such agreements. Further, the Debtors reserve all of their rights to alter or amend these Schedules to the extent that additional information regarding the Debtor obligor to such executory contracts becomes available. Certain of the executory agreements may not have been memorialized and could be subject to dispute, including the defense of the statute of frauds. Executory agreements that are oral in nature have not been included on Schedule G.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contract or agreement is not impaired by the omission.

The listing of any contract on Schedule G does not constitute an admission by the Debtors as to the validity or enforceability of any such contract or that such contract is an executory contract or unexpired lease. The Debtors reserve all of their rights to dispute the effectiveness of any

contract or lease listed on Schedule G or to amend Schedule G at any time to remove any contract.

**Schedule H**.  Although there are multiple lenders under the Debtors' Capital Structure, only the administrative agents have been listed on Schedule H.

## SPECIFIC DISCLOSURES WITH RESPECT TO THE DEBTORS' STATEMENTS

**Statement 2**. Due to the international nature of the Debtors businesses, the Debtors may hold cash in a number of different currencies. The amounts reflected on Statement 2 do not include the revenue recognized from currency fluctuations.

**Statement 3**.  In Statement 3, disbursements made on account of multiple invoices may be reflected as a single payment.  All disbursements listed in Statement 3 are made through the Debtors' cash management system as described more fully in the Cash Management Motion.

Payments related to prepetition obligations that were issued in the prepetition period, but not honored (pursuant to Court order as described in the Cash Management Motion) until the postpetition period are not included in the response to Statement 3c.  These payments are *de minimis* in amount and detail relating to these payments can be made available, as appropriate, upon request.

**Statement 4/30.** Due to the complex corporate structure and distributed nature of operations of the Debtors and their non-debtor affiliates, the Debtors' accounting systems contain numerous intercompany transactions, some of which may be categorized as transfers, payments, distributions, or withdrawals credited to or made for the benefit of the insiders of the Debtors, while others are simply cost-accounting allocation entries. The Debtors are in the process of reviewing and itemizing intercompany transactions. However, due the volume and complexity of that task, it could not have been completed in time for filing these Statements. The Debtors continue to work diligently on identifying transfers, payments, distributions, or withdrawals responsive to Statements 4/30 and will provide the results as soon as they become available. Further, the expense reports of insiders reported herein do not include expenses made with corporate credit cards.

**Statement 10.** The Debtors occasionally incur losses for a variety of reasons, including theft and property damage. The Debtors, however, may not have records of such losses to the extent such losses do not have a material impact on the Debtors' business or are not reported for insurance purposes. Therefore, some losses may have been excluded.

**Statements 22/23/24**.  The Debtors have operated in many locations over an extended period of time.  For certain current or former locations, the Debtors may no longer be in possession of complete records or records that are reasonably accessible and reviewable. In addition, certain individuals who possessed responsive information are no longer employed by the Debtors. For these reasons, it may not be possible to identify and supply the requested information for every "site" and "proceeding" that could potentially be responsive to Statements 22/23/24 going back to the beginning of the Debtors' operations at every site.  The Debtors have made commercially reasonable efforts to identify all applicable environmental information as required by Statements

22/23/24, with a focus on providing information from recent years and that are still active. These efforts included reviewing the Debtors' environmental records and incorporating the historical knowledge of the Debtors' employees into the Schedules and Statements to the extent applicable and practicable.

Where requested categories of information were not reasonably available for an identified location or proceeding, the Debtors have provided as much information as is reasonably available. The Debtors' responses do not include proceedings related to non-environmental laws, such as occupational safety and health laws. The Debtors also make routine reports and submissions concerning discharges resulting from normal operations consistent with regulatory requirements, such as discharge monitoring reports, toxic release inventory submissions and submissions concerning air emissions. The Debtors' responses to Statements 22/23/24 are limited to those reports and submissions that identify uncontrolled releases and hazardous materials and do not purport to identify all routine reports and submissions. The Debtors believe these efforts not only satisfy the requirements of Statements 22/23/24, but also satisfy the Debtors' objective of identifying all potential environmental liabilities so that any potential liability is brought to a resolution through these chapter 11 proceedings. To the extent a potential environmental liability has been identified through these efforts, the liability is listed on the applicable Debtor's Schedule F as a "Potential Environmental Claim." Due to data limitations and the latent nature of potential environmental liabilities, the Debtors acknowledge the possibility that potential environmental liabilities may be discovered subsequent to the filing of the Schedules and Statements. The Debtors reserve all rights to correct, amend, or supplement the Schedules and Statements as necessary or appropriate.

**Statement 26d**.  Abengoa, S.A., the ultimate parent company of the Debtor, filed quarterly and annual reports with the Securities and Exchange Commission ("SEC") for the preceding two years.  These financial statements are publicly available and may have been used by banks, customers, governmental authorities, suppliers, rating agencies and various other interested parties.

**\* \* \* END OF GLOBAL NOTES \* \* \***

**\* \* \* SCHEDULES OR STATEMENTS BEGIN ON THE FOLLOWING PAGE \* \* \***

**Fill in this information to identify the case:**

Debtor name  Nicsa Industrial Supplies, LLC

United States Bankruptcy Court for the: _____  District of Delaware
(State)

Case number (If known):   16-10794 _____

☐ Check if this is an amended filing

Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy   04/16

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

## Part 1:    Income

1. **Gross revenue from business**

   ☐ None

   | Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
   |---|---|---|---|---|
   | **From the beginning of the fiscal year to filing date:** | From 1/1/2016<br>MM / DD / YYYY   to | Filing date | ☐ Operating a business<br>☐ Other _____ | $   $1,791,054.38 |
   | **For prior year:** | From 1/1/2015<br>MM / DD / YYYY   to | 12/31/2015<br>MM / DD / YYYY | ☐ Operating a business<br>☐ Other _____ | $   $11,313,616.32 |
   | **For the year before that:** | From 3/29/2014<br>MM / DD / YYYY   to | 12/31/2014<br>MM / DD / YYYY | ☐ Operating a business<br>☐ Other _____ | $   $6,638,934.20 |

2. **Non-business revenue**

   Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

   ☐ None

   | | | | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
   |---|---|---|---|---|
   | **From the beginning of the fiscal year to filing date:** | From 1/1/2016<br>MM / DD / YYYY   to | Filing date | Fixed assets sold | $   $43,231.41 |
   | **For prior year:** | From 1/1/2015<br>MM / DD / YYYY   to | 12/31/2015<br>MM / DD / YYYY | Non-business Revenue | $   $8,851.17 |
   | **For the year before that:** | From 3/29/2014<br>MM / DD / YYYY   to | 12/31/2014<br>MM / DD / YYYY | Non-business Revenue | $   $62,916.28 |

| Debtor | Nicsa Industrial Supplies, LLC | Case number (if known) 16-10794 |
|---|---|---|
| | Name | |

## Part 2:    List Certain Transfers Made Before Filing for Bankruptcy

3.  **Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers—including expense reimbursements—to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None

| | Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer<br>*Check all that apply* |
|---|---|---|---|---|
| 3.1. | See attached rider<br>Creditor's name<br><br>Street<br><br><br>City            State        ZIP Code | _____<br><br>_____<br><br>_____ | $_____ | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other _____ |
| 3.2. | Creditor's name<br><br>Street<br><br><br>City            State        ZIP Code | _____<br><br>_____<br><br>_____ | $_____ | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other _____ |

4.  **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,425.  This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☐ None

| | Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|---|
| 4.1. | Please refer to the Debtor's Global Notes<br>regarding Statement 4/30<br>Insider's name<br><br>Street<br><br><br>City            State        ZIP Code | _____<br><br>_____ | $_____ | _____<br><br>_____<br><br>_____ |
| | **Relationship to debtor**<br>_____ | | | |
| 4.2. | Insider's name<br><br>Street<br><br><br>City            State        ZIP Code | _____<br><br>_____ | $_____ | _____<br><br>_____<br><br>_____ |
| | **Relationship to debtor**<br>_____ | | | |

Debtor    Nicsa Industrial Supplies, LLC _____    Case number (*if known*) 16-10794 _____
          Name

5. **Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☒ None

| Creditor's name and address | Description of the property | Date | Value of property |
|---|---|---|---|
| 5.1. | | | |
| Creditor's name | | _____ | $_____ |
| Street | | | |
| City          State      ZIP Code | | | |
| 5.2. | | | |
| Creditor's name | | _____ | $_____ |
| Street | | | |
| City          State      ZIP Code | | | |

6. **Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☒ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| Creditor's name | | _____ | $_____ |
| Street | | | |
| City          State      ZIP Code | Last 4 digits of account number: XXXX– __ __ __ __ | | |

## Part 3:    Legal Actions or Assignments

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None

| Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| 7.1. See attached rider | | | ☐ Pending |
| | | Name | ☐ On appeal |
| Case number | | Street | ☐ Concluded |
| | | City          State      ZIP Code | |
| 7.2. Case title | | Court or agency's name and address | ☐ Pending |
| | | Name | ☐ On appeal |
| Case number | | Street | ☐ Concluded |
| | | City          State      ZIP Code | |

Debtor    Nicsa Industrial Supplies, LLC
_____
              Name

Case number (if known) 16-10794
_____

---

**8. Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

[X] None

| Custodian's name and address | Description of the property | Value |
|---|---|---|
| | | $ _____ |
| Custodian's name | **Case title** | **Court name and address** |
| Street | | |
| | | Name |
| City          State          ZIP Code | **Case number** | Street |
| | | |
| | **Date of order or assignment** | City          State          ZIP Code |

---

## Part 4:    Certain Gifts and Charitable Contributions

**9.** List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000

[X] None

| | Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|---|
| 9.1. | Recipient's name | | _____ | $ _____ |
| | Street | | | |
| | City          State          ZIP Code | | | |
| | **Recipient's relationship to debtor** | | | |
| 9.2. | Recipient's name | | _____ | $ _____ |
| | Street | | | |
| | City          State          ZIP Code | | | |
| | **Recipient's relationship to debtor** | | | |

---

## Part 5:    Certain Losses

**10. All losses from fire, theft, or other casualty within 1 year before filing this case.**

[X] None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br>List unpaid claims on Official Form 106A/B (*Schedule A/B: Assets – Real and Personal Property*). | Date of loss | Value of property lost |
|---|---|---|---|
| | | _____ | $ _____ |

---

Debtor  Nicsa Industrial Supplies, LLC
Name

Case number (if known) 16-10794

---

| Part 6: | Certain Payments or Transfers |
|---|---|

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☒ None

| | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1. | _____ | _____ | _____ | $_____ |
| | **Address** | _____ | | |
| | _____<br>Street | | | |
| | _____<br>City      State      ZIP Code | | | |
| | **Email or website address** | | | |
| | _____ | | | |
| | **Who made the payment, if not debtor?** | | | |
| | _____ | | | |

| | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.2. | _____ | _____ | _____ | $_____ |
| | **Address** | _____ | | |
| | _____<br>Street | | | |
| | _____<br>City      State      ZIP Code | | | |
| | **Email or website address** | | | |
| | _____ | | | |
| | **Who made the payment, if not debtor?** | | | |
| | _____ | | | |

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☒ None

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|
| _____ | _____ | _____ | $_____ |
| **Trustee** | _____ | | |
| _____ | | | |

---

Official Form 207          **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**          page **5**

Debtor      Nicsa Industrial Supplies, LLC _____      Case number (if known) 16-10794 _____
            Name

### 13. Transfers not already listed on this statement

List any transfers of money or other property—by sale, trade, or any other means—made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☒ None

| Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|
| 13.1. _____ | _____ | _____ | $_____ |
| **Address** | _____ | | |
| _____ Street | | | |
| _____ City          State    ZIP Code | | | |
| **Relationship to debtor** | | | |
| _____ | | | |
| **Who received transfer?** | _____ | _____ | $_____ |
| 13.2. _____ | _____ | | |
| **Address** | | | |
| _____ Street | | | |
| _____ | | | |
| _____ City          State    ZIP Code | | | |
| **Relationship to debtor** | | | |
| _____ | | | |

## Part 7:    Previous Locations

### 14. Previous addresses

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☐ Does not apply

| Address | Dates of occupancy |
|---|---|
| 14.1. See attached rider _____<br>Street | From _____   To _____ |
| _____<br>City          State    ZIP Code | |
| 14.2. _____<br>Street | From _____   To _____ |
| _____<br>City          State    ZIP Code | |

Debtor    Nicsa Industrial Supplies, LLC
          Name
                                                    Case number (*if known*) 16-10794

---

| **Part 8:** | **Health Care Bankruptcies** |

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:

— diagnosing or treating injury, deformity, or disease, or

— providing any surgical, psychiatric, drug treatment, or obstetric care?

☒ No. Go to Part 9.

☐ Yes. Fill in the information below.

| | Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|---|
| 15.1. | Facility name _____ | _____ | _____ |
| | Street _____ | **Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider. | **How are records kept?** |
| | City ____ State ____ ZIP Code ____ | _____ | *Check all that apply:*  ☐ Electronically  ☐ Paper |
| | Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
| 15.2. | Facility name _____ | _____ | _____ |
| | Street _____ | **Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider. | **How are records kept?** |
| | City ____ State ____ ZIP Code ____ | _____ | *Check all that apply:*  ☐ Electronically  ☐ Paper |

---

| **Part 9:** | **Personally Identifiable Information** |

**16. Does the debtor collect and retain personally identifiable information of customers?**

☒ No.

☐ Yes. State the nature of the information collected and retained. _____

Does the debtor have a privacy policy about that information?

☐ No

☐ Yes

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☐ No. Go to Part 10.

Yes. Does the debtor serve as plan administrator?

☐ No. Go to Part 10.

☒ Yes. Fill in below:

| Name of plan | Employer identification number of the plan |
|---|---|
| 401K | EIN: 6  5 _ 0  9  1  9  0  7  6 |

Has the plan been terminated?

☒ No

☐ Yes

---

Debtor   Nicsa Industrial Supplies, LLC _____   Case number *(if known)* 16-10794 _____
         Name

---

| **Part 10:** | **Certain Financial Accounts, Safe Deposit Boxes, and Storage Units** |

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☒ None

| | Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|---|
| 18.1. | Name<br>Street<br>City   State   ZIP Code | XXXX–___ ___ ___ ___ | ☐ Checking<br>☐ Savings<br>☐ Money market<br>☐ Brokerage<br>☐ Other_____ | _____ | $_____ |
| 18.2. | Name<br>Street<br>City   State   ZIP Code | XXXX–___ ___ ___ ___ | ☐ Checking<br>☐ Savings<br>☐ Money market<br>☐ Brokerage<br>☐ Other_____ | | $_____ |

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☒ None

| Depository institution name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| Name<br>Street<br>City   State   ZIP Code | <br><br>**Address** | | ☐ No<br>☐ Yes |

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☐ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| See attached rider<br>Name<br>Street<br>City   State   ZIP Code | <br><br>**Address** | | ☐ No<br>☐ Yes |

---

| Debtor | Nicsa Industrial Supplies, LLC | Case number (if known) 16-10794 |
|---|---|---|
| | Name | |

---

## Part 11: Property the Debtor Holds or Controls That the Debtor Does Not Own

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☒ None

| Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|
| | | | $ _____ |
| Name | | | |
| Street | | | |
| | | | |
| City          State          ZIP Code | | | |

---

## Part 12: Details About Environmental Information

For the purpose of Part 12, the following definitions apply:

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☒ No
☐ Yes. Provide details below.

| Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|
| | | | ☐ Pending |
| Case number | Name | | ☐ On appeal |
| | Street | | ☐ Concluded |
| | City          State          ZIP Code | | |

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☒ No
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| | | | _____ |
| Name | Name | | |
| Street | Street | | |
| City          State          ZIP Code | City          State          ZIP Code | | |

---

Debtor   Nicsa Industrial Supplies, LLC_____   Case number (if known) 16-10794_____
                  Name

---

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

☒ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| Name | Name | _____ | _____ |
| Street | Street | _____ | |
| City          State          ZIP Code | City          State          ZIP Code | _____ | |

---

**Part 13:    Details About the Debtor's Business or Connections to Any Business**

---

25. **Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☒ None

| Business name and address | Describe the nature of the business | Employer Identification number Do not include Social Security number or ITIN. |
|---|---|---|
| 25.1. | | EIN: ___ ___ – ___ ___ ___ ___ ___ ___ ___ |
| Name | _____ | **Dates business existed** |
| Street | _____ | |
| City          State          ZIP Code | | From _____   To _____ |
| 25.2. | | EIN: ___ ___ – ___ ___ ___ ___ ___ ___ ___ |
| Business name and address | Describe the nature of the business | Employer Identification number Do not include Social Security number or ITIN. |
| Name | _____ | **Dates business existed** |
| Street | _____ | |
| City          State          ZIP Code | | From _____   To _____ |
| 25.3. | | EIN: ___ ___ – ___ ___ ___ ___ ___ ___ ___ |
| Business name and address | Describe the nature of the business | Employer Identification number Do not include Social Security number or ITIN. |
| Name | _____ | **Dates business existed** |
| Street | _____ | |
| City          State          ZIP Code | | From _____   To _____ |

---

| Debtor | Nicsa Industrial Supplies, LLC | Case number *(if known)* 16-10794 |
|---|---|---|
| | Name | |

**26. Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| 26a.1.   See attached rider | From _____   To _____ |
| Name | |
| Street | |
| City      State      ZIP Code | |

| Name and address | Dates of service |
|---|---|
| 26a.2. | From _____   To _____ |
| Name | |
| Street | |
| City      State      ZIP Code | |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| 26b.1.   See attached rider | From _____   To _____ |
| Name | |
| Street | |
| City      State      ZIP Code | |

| Name and address | Dates of service |
|---|---|
| 26b.2. | From _____   To _____ |
| Name | |
| Street | |
| City      State      ZIP Code | |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1.   See attached rider | |
| Name | |
| Street | |
| City      State      ZIP Code | |

| Debtor | Nicsa Industrial Supplies, LLC | Case number (if known) 16-10794 |
|---|---|---|
| | Name | |

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.2. | |
| Name | _____ |
| Street | _____ |
| | _____ |
| City          State          ZIP Code | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

| Name and address |
|---|
| 26d.1. See attached rider |
| Name |
| Street |
| |
| City          State          ZIP Code |

| Name and address |
|---|
| 26d.2. |
| Name |
| Street |
| |
| City          State          ZIP Code |

27. **Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☒ No

☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| _____ | _____ | $_____ |

| Name and address of the person who has possession of inventory records |
|---|
| 27.1. |
| Name |
| Street |
| |
| City          State          ZIP Code |

Debtor   Nicsa Industrial Supplies, LLC
_____
Name

Case number (if known) 16-10794
_____

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| _____ | _____ | $ _____ |

| Name and address of the person who has possession of inventory records |
|---|

27.2.
_____
Name
_____
Street
_____

_____
City                          State        ZIP Code

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| See attached rider | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☐ No
☒ Yes. Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| See attached rider | _____ | _____ | From _____ To _____ |
| _____ | _____ | _____ | From _____ To _____ |
| _____ | _____ | _____ | From _____ To _____ |
| _____ | _____ | _____ | From _____ To _____ |

30. **Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☐ No
☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| 30.1. Please refer to the Debtor's Global Notes regarding Statement 4/30 | _____ | _____ | _____ |
| Name | | | |
| _____ Street | _____ | | |
| _____ | | | |
| _____ City                 State        ZIP Code | _____ | | |
| Relationship to debtor | _____ | | |

Debtor   Nicsa Industrial Supplies, LLC
_____     Case number (if known) 16-10794
         Name

| Name and address of recipient | | | |
|---|---|---|---|
| 30.2 | Name _____ | | _____ |
| | Street _____ | | _____ |
| | _____ | | _____ |
| | City          State      ZIP Code | | _____ |
| | Relationship to debtor | | _____ |
| | _____ | | |

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**
   ☐ No
   ☒ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| Abeinsa LLC | EIN:  45-4871176 |

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**
   ☒ No
   ☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|
| | EIN:  ___ ___ – ___ ___ ___ ___ ___ ___ ___ |

## Part 14:     Signature and Declaration

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   05/05/2016
              MM / DD  / YYYY

✗ /s/ Jose Carlos Gomez                                        Printed name  Jose Carlos Gomez
Signature of individual signing on behalf of the debtor

Position or relationship to debtor  Chief Executive Officer

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**
   ☐ No
   ☒ Yes

Debtor Name: Nicsa Industrial Supplies, LLC                                                    Case Number: 16-10794

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 2, Question 3:**  Certain payments or transfers to creditors within 90 days before filing this case

| Item | Name and address | Check or wire number | Reason for payment | Payment date | Total payment amount |
|------|------------------|----------------------|--------------------|--------------|----------------------|
| 1 | ACUITY BRANDS LIGHTING INC | | | | |
| | | C_00000001 | Services | 02/01/2016 | $8,000.00 |
| | | C_00000002 | Services | 02/19/2016 | $8,000.00 |
| | | C_00000003 | Services | 03/16/2016 | $45,505.27 |
| | | | SUBTOTAL | | $61,505.27 |
| 2 | ADP | | | | |
| | | C_00000004 | Services | 01/07/2016 | $6,980.23 |
| | | C_00000005 | Services | 01/21/2016 | $6,980.23 |
| | | C_00000006 | Services | 01/22/2016 | $14.56 |
| | | C_00000009 | Services | 01/29/2016 | $76.00 |
| | | C_00000010 | Services | 01/29/2016 | $76.00 |
| | | C_00000011 | Services | 02/05/2016 | $6,928.29 |
| | | C_00000012 | Services | 02/09/2016 | $76.00 |
| | | C_00000013 | Services | 02/12/2016 | $76.00 |
| | | C_00000007 | Services | 02/18/2016 | $3,672.86 |
| | | C_00000008 | Services | 02/19/2016 | $14.56 |
| | | C_00000014 | Services | 02/26/2016 | $76.00 |
| | | C_00000015 | Services | 03/03/2016 | $3,523.50 |
| | | C_00000016 | Services | 03/17/2016 | $3,523.50 |
| | | | SUBTOTAL | | $32,017.73 |
| 3 | ADT SECURITY SERVICES INC | | | | |
| | | C_00000017 | Services | 01/04/2016 | $62.04 |
| | | C_00000018 | Services | 02/25/2016 | $62.04 |
| | | C_00000019 | Services | 03/02/2016 | $62.04 |
| | | | SUBTOTAL | | $186.12 |
| 4 | ARCAMO CONTROLS, S.A. | | | | |
| | | C_00000021 | Services | 01/11/2016 | $28,044.95 |
| | | C_00000020 | Services | 03/15/2016 | $24,173.15 |
| | | | SUBTOTAL | | $52,218.10 |
| 5 | ASCENTIUM CAPITAL LLC | | | | |
| | | C_00000022 | Services | 01/05/2016 | $654.88 |
| | | C_00000023 | Services | 02/02/2016 | $654.88 |
| | | C_00000024 | Services | 03/02/2016 | $654.88 |
| | | | SUBTOTAL | | $1,964.64 |
| 6 | ASL GLOBAL LOGISTICS | | | | |
| | | C_00000026 | Services | 01/19/2016 | $9,176.90 |
| | | C_00000028 | Services | 02/09/2016 | $7,487.88 |
| | | C_00000025 | Services | 03/02/2016 | $5,267.21 |
| | | C_00000027 | Services | 03/15/2016 | $3,562.03 |
| | | | SUBTOTAL | | $25,494.02 |

Debtor Name: Nicsa Industrial Supplies, LLC                                                                          Case Number: 16-10794

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 2, Question 3:** Certain payments or transfers to creditors within 90 days before filing this case

| Item | Name and address | Check or wire number | Reason for payment | | Payment date | Total payment amount |
|------|------------------|----------------------|--------------------|--|--------------|----------------------|
| 7 | BANCO SANTANDER CENTRAL HISPANO | | | | | |
| | | C_00000029 | Services | | 01/07/2016 | $5,504.97 |
| | | C_00000030 | Services | | 02/08/2016 | $1.10 |
| | | C_00000031 | Services | | 03/07/2016 | $5,468.18 |
| | | | | SUBTOTAL | | $10,974.25 |
| 8 | BANK OF AMERICA | | | | | |
| | | C_00000032 | Services | | 01/26/2016 | $230.00 |
| | | C_00000033 | Services | | 01/28/2016 | $45.00 |
| | | C_00000034 | Services | | 02/22/2016 | $50.00 |
| | | C_00000035 | Services | | 02/25/2016 | $185.00 |
| | | C_00000036 | Services | | 03/16/2016 | $210.00 |
| | | | | SUBTOTAL | | $720.00 |
| 9 | BANKINTER | | | | | |
| | | C_00000037 | Services | | 01/26/2016 | $0.34 |
| | | | | SUBTOTAL | | $0.34 |
| 10 | BPOPULAR | | | | | |
| | | C_00000038 | Services | | 12/31/2015 | $125.85 |
| | | C_00000039 | Services | | 01/31/2016 | $12.20 |
| | | C_00000040 | Services | | 02/01/2016 | $11.06 |
| | | C_00000044 | Services | | 02/01/2016 | $1,000.00 |
| | | C_00000041 | Services | | 02/04/2016 | $650.00 |
| | | C_00000042 | Services | | 02/24/2016 | $96.52 |
| | | C_00000043 | Services | | 03/03/2016 | $11.68 |
| | | | | SUBTOTAL | | $1,907.31 |
| 11 | CHALFANT MANUFACTURING COMPANY | | | | | |
| | | C_00000045 | Services | | 03/22/2016 | $28,702.00 |
| | | | | SUBTOTAL | | $28,702.00 |
| 12 | CIRIMAR | | | | | |
| | | C_00000046 | Services | | 03/02/2016 | $7,962.54 |
| | | | | SUBTOTAL | | $7,962.54 |
| 13 | CMP PRODUCTS | | | | | |
| | | C_00000047 | Services | | 01/08/2016 | $891.00 |
| | | | | SUBTOTAL | | $891.00 |
| 14 | CONSORCIO INDIGO ENERGY INTERNATIONAL VE | | | | | |
| | | C_00000048 | Services | | 03/29/2016 | $1,975.00 |
| | | | | SUBTOTAL | | $1,975.00 |

Debtor Name: Nicsa Industrial Supplies, LLC                                                                 Case Number: 16-10794

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 2, Question 3:** Certain payments or transfers to creditors within 90 days before filing this case

| Item | Name and address | Check or wire number | Reason for payment | Payment date | Total payment amount |
|------|------------------|----------------------|--------------------|--------------|----------------------|
| 15 | CONTINENTAL INDUSTRIES | | | | |
| | | C_00000049 | Services | 01/08/2016 | $6,454.53 |
| | | | **SUBTOTAL** | | **$6,454.53** |
| 16 | COOPER LIGHTING | | | | |
| | | C_00000050 | Services | 02/19/2016 | $3,189.64 |
| | | | **SUBTOTAL** | | **$3,189.64** |
| 17 | CRAWFORD ELECTRIC SUPPLY | | | | |
| | | C_00000051 | Services | 03/15/2016 | $30,912.82 |
| | | | **SUBTOTAL** | | **$30,912.82** |
| 18 | DEUTSCHE BANK | | | | |
| | | C_00000052 | Services | 12/31/2015 | $16.42 |
| | | C_00000053 | Services | 01/16/2016 | $13.67 |
| | | C_00000054 | Services | 02/16/2016 | $13.67 |
| | | C_00000055 | Services | 03/16/2016 | $13.67 |
| | | | **SUBTOTAL** | | **$57.43** |
| 19 | DUNBRADSTREET | | | | |
| | | C_00000056 | Services | 01/19/2016 | $530.19 |
| | | | **SUBTOTAL** | | **$530.19** |
| 20 | EGS ELECTRICAL GROUP | | | | |
| | | C_00000057 | Services | 01/11/2016 | $42,738.32 |
| | | C_00000058 | Services | 02/19/2016 | $16,839.28 |
| | | | **SUBTOTAL** | | **$59,577.60** |
| 21 | EMERSON | | | | |
| | | C_00000059 | Services | 01/28/2016 | $230,000.00 |
| | | | **SUBTOTAL** | | **$230,000.00** |
| 22 | EMSI | | | | |
| | | C_00000060 | Services | 01/08/2016 | $1,459.44 |
| | | | **SUBTOTAL** | | **$1,459.44** |
| 23 | ENLACE MULTIMODAL LOGISTIC LTDA | | | | |
| | | C_00000061 | Services | 02/09/2016 | $12,501.90 |
| | | | **SUBTOTAL** | | **$12,501.90** |
| 24 | ERICO | | | | |
| | | C_00000062 | Services | 01/08/2016 | $1,617.74 |
| | | | **SUBTOTAL** | | **$1,617.74** |

Debtor Name: Nicsa Industrial Supplies, LLC                                                                                      Case Number: 16-10794

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 2, Question 3:**  Certain payments or transfers to creditors within 90 days before filing this case

| Item | Name and address | Check or wire number | Reason for payment | Payment date | Total payment amount |
|------|------------------|----------------------|--------------------|--------------|----------------------|
| 25 | FEDEX | | | | |
| | | C_00000063 | Services | 01/04/2016 | $106.64 |
| | | C_00000064 | Services | 01/07/2016 | $85.28 |
| | | C_00000065 | Services | 01/25/2016 | $105.36 |
| | | C_00000066 | Services | 01/25/2016 | $55.52 |
| | | C_00000067 | Services | 01/27/2016 | $93.37 |
| | | C_00000069 | Services | 01/28/2016 | $58.02 |
| | | C_00000068 | Services | 02/01/2016 | $16.52 |
| | | C_00000070 | Services | 02/08/2016 | $71.38 |
| | | C_00000071 | Services | 02/09/2016 | $172.36 |
| | | C_00000072 | Services | 02/24/2016 | $40.75 |
| | | C_00000073 | Services | 02/25/2016 | $241.65 |
| | | C_00000074 | Services | 02/25/2016 | $58.48 |
| | | C_00000075 | Services | 02/25/2016 | $114.26 |
| | | C_00000076 | Services | 03/03/2016 | $13.52 |
| | | C_00000077 | Services | 03/08/2016 | $20.00 |
| | | C_00000078 | Services | 03/09/2016 | $30.63 |
| | | C_00000079 | Services | 03/11/2016 | $40.75 |
| | | C_00000080 | Services | 03/11/2016 | $30.40 |
| | | | **SUBTOTAL** | | **$1,354.89** |
| 26 | FIN LAT S.R.I. | | | | |
| | | C_00000081 | Services | 03/15/2016 | $1,138.19 |
| | | | **SUBTOTAL** | | **$1,138.19** |
| 27 | G.T.K. ELECTRIC CONTROLS LTD. | | | | |
| | | C_00000082 | Services | 03/22/2016 | $32,310.41 |
| | | | **SUBTOTAL** | | **$32,310.41** |
| 28 | GENERAL CABLE INDUSTRIES INC | | | | |
| | | C_00000083 | Services | 01/11/2016 | $80,192.23 |
| | | | **SUBTOTAL** | | **$80,192.23** |
| 29 | GLOBALTRANZ | | | | |
| | | C_00000084 | Services | 01/26/2016 | $345.01 |
| | | | **SUBTOTAL** | | **$345.01** |
| 30 | GUARDIAN TELECOM | | | | |
| | | C_00000085 | Services | 03/02/2016 | $19,126.00 |
| | | | **SUBTOTAL** | | **$19,126.00** |
| 31 | HARRIS COUNTY | | | | |
| | | C_00000086 | Services | 01/14/2016 | $308.73 |
| | | C_00000087 | Services | 01/19/2016 | $288.25 |
| | | | **SUBTOTAL** | | **$596.98** |

Debtor Name: Nicsa Industrial Supplies, LLC                                                    Case Number: 16-10794

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 2, Question 3:** Certain payments or transfers to creditors within 90 days before filing this case

| Item | Name and address | Check or wire number | Reason for payment | | Payment date | Total payment amount |
|------|------------------|----------------------|--------------------|--|--------------|----------------------|
| 32 | KALGLAS INTERNATIONAL INC | | | | | |
| | | C_00000088 | Services | | 03/16/2016 | $19,267.36 |
| | | | | SUBTOTAL | | $19,267.36 |
| 33 | LEEWARD USA | | | | | |
| | | C_00000089 | Services | | 01/08/2016 | $612.78 |
| | | | | SUBTOTAL | | $612.78 |
| 34 | MARIA JOSEFINA ALONSO | | | | | |
| | | C_00000090 | Services | | 02/02/2016 | $290.00 |
| | | | | SUBTOTAL | | $290.00 |
| 35 | MARK CONRAD WESSEL | | | | | |
| | | C_00000092 | Services | | 01/08/2016 | $6,114.38 |
| | | C_00000091 | Services | | 03/15/2016 | $3,000.00 |
| | | | | SUBTOTAL | | $9,114.38 |
| 36 | MCCANDISH HOLTON | | | | | |
| | | C_00000093 | Services | | 01/20/2016 | $3,600.00 |
| | | C_00000094 | Services | | 02/01/2016 | $3,410.00 |
| | | | | SUBTOTAL | | $7,010.00 |
| 37 | MIKE SULLIVAN | | | | | |
| | | C_00000095 | Services | | 01/28/2016 | $65.25 |
| | | | | SUBTOTAL | | $65.25 |
| 38 | NAVITAS LEASE CORP | | | | | |
| | | C_00000096 | Services | | 01/11/2016 | $700.00 |
| | | C_00000097 | Services | | 02/25/2016 | $700.00 |
| | | C_00000098 | Services | | 03/10/2016 | $700.00 |
| | | | | SUBTOTAL | | $2,100.00 |
| 39 | NEMALUX LED LIGHTING SOLUTIONS | | | | | |
| | | C_00000099 | Services | | 02/12/2016 | $13,245.00 |
| | | | | SUBTOTAL | | $13,245.00 |
| 40 | OSCAR NIETO | | | | | |
| | | C_00000100 | Services | | 02/05/2016 | $2,433.15 |
| | | | | SUBTOTAL | | $2,433.15 |
| 41 | PETTY CASH | | | | | |
| | | C_00000101 | Services | | 02/11/2016 | $884.69 |
| | | | | SUBTOTAL | | $884.69 |

Debtor Name: Nicsa Industrial Supplies, LLC                                                                                          Case Number: 16-10794

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 2, Question 3:** Certain payments or transfers to creditors within 90 days before filing this case

| Item | Name and address | Check or wire number | Reason for payment | Payment date | Total payment amount |
|------|------------------|----------------------|--------------------|--------------|----------------------|
| 42 | PUBLIC STORAGE | | | | |
| | | C_00000102 | Services | 01/27/2016 | $78.18 |
| | | C_00000103 | Services | 03/04/2016 | $91.00 |
| | | | | SUBTOTAL | $169.18 |
| 43 | RELIANT ENERGY | | | | |
| | | C_00000104 | Services | 01/25/2016 | $483.05 |
| | | C_00000105 | Services | 02/25/2016 | $468.23 |
| | | | | SUBTOTAL | $951.28 |
| 44 | RESITECH INDUSTRIES LLC | | | | |
| | | C_00000106 | Services | 02/04/2016 | $17,737.80 |
| | | | | SUBTOTAL | $17,737.80 |
| 45 | ROYALTY EXIMPORT INC | | | | |
| | | C_00000107 | Services | 01/26/2016 | $3,855.00 |
| | | | | SUBTOTAL | $3,855.00 |
| 46 | SDV USA INC | | | | |
| | | C_00000108 | Services | 01/28/2016 | $3,983.88 |
| | | | | SUBTOTAL | $3,983.88 |
| 47 | SHRED-IT | | | | |
| | | C_00000109 | Services | 12/30/2015 | $66.16 |
| | | C_00000110 | Services | 01/11/2016 | $65.55 |
| | | C_00000111 | Services | 02/08/2016 | $65.24 |
| | | C_00000112 | Services | 02/25/2016 | $75.00 |
| | | | | SUBTOTAL | $271.95 |
| 48 | SMR GULF COAST, INC | | | | |
| | | C_00000113 | Services | 12/30/2015 | $5,298.00 |
| | | | | SUBTOTAL | $5,298.00 |
| 49 | SOUTHWIRE | | | | |
| | | C_00000115 | Services | 01/11/2016 | $74,744.74 |
| | | C_00000114 | Services | 03/02/2016 | $6,433.90 |
| | | | | SUBTOTAL | $81,178.64 |
| 50 | TEXAS SALES REVENUE | | | | |
| | | C_00000116 | Services | 01/22/2016 | $893.61 |
| | | | | SUBTOTAL | $893.61 |

Debtor Name: Nicsa Industrial Supplies, LLC                                              Case Number: 16-10794

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 2, Question 3:** Certain payments or transfers to creditors within 90 days before filing this case

| Item | Name and address | Check or wire number | Reason for payment | Payment date | Total payment amount |
|------|------------------|---------------------|--------------------|--------------|---------------------|
| 51 | THOMAS & BETTS CORPORATION | | | | |
| | | C_00000117 | Services | 02/01/2016 | $24,583.40 |
| | | C_00000118 | Services | 02/12/2016 | $34,850.10 |
| | | C_00000119 | Services | 03/02/2016 | $20,682.54 |
| | | C_00000120 | Services | 03/15/2016 | $17,355.84 |
| | | | **SUBTOTAL** | | **$97,471.88** |
| 52 | TOYOTA FINANCIAL SERVICES | | | | |
| | | C_00000121 | Services | 01/21/2016 | $2,524.35 |
| | | C_00000122 | Services | 01/28/2016 | $624.54 |
| | | C_00000123 | Services | 02/25/2016 | $624.54 |
| | | C_00000124 | Services | 03/25/2016 | $624.54 |
| | | | **SUBTOTAL** | | **$4,397.97** |
| 53 | USPS | | | | |
| | | C_00000125 | Services | 01/25/2016 | $144.00 |
| | | C_00000126 | Services | 01/26/2016 | $1.05 |
| | | | **SUBTOTAL** | | **$145.05** |
| 54 | VAL-TECH INC (VTI) | | | | |
| | | C_00000127 | Services | 01/11/2016 | $23,078.00 |
| | | | **SUBTOTAL** | | **$23,078.00** |
| 55 | VERONIKA MERCHANT | | | | |
| | | C_00000128 | Services | 01/25/2016 | $217.01 |
| | | | **SUBTOTAL** | | **$217.01** |
| 56 | VISION QUEST CONSULTANTS HOUSTON | | | | |
| | | C_00000129 | Services | 03/11/2016 | $5,000.00 |
| | | | **SUBTOTAL** | | **$5,000.00** |
| 57 | W MARK KELLEY CPA | | | | |
| | | C_00000130 | Services | 03/11/2016 | $1,025.00 |
| | | | **SUBTOTAL** | | **$1,025.00** |
| 58 | WASTE MANAGEMENT OF TEXAS INC | | | | |
| | | C_00000131 | Services | 03/08/2016 | $124.59 |
| | | | **SUBTOTAL** | | **$124.59** |

Debtor Name: Nicsa Industrial Supplies, LLC

Case Number: 16-10794

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 2, Question 3:** Certain payments or transfers to creditors within 90 days before filing this case

| Item | Name and address | Check or wire number | Reason for payment | Payment date | Total payment amount |
|------|------------------|---------------------|--------------------|--------------|----------------------|
| 59 | WASTE MANAGEMENT OF TEXAS INC. | | | | |
| | | C_00000133 | Services | 01/06/2016 | $103.12 |
| | | C_00000132 | Services | 01/29/2016 | $1,774.11 |
| | | C_00000134 | Services | 02/08/2016 | $102.06 |
| | | | | SUBTOTAL | $1,979.29 |
| | | | | GRAND TOTAL | $1,010,684.06 |

Debtor Name:       Nicsa Industrial Supplies, LLC                                    Case Number:         16-10794

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 3, Question 7:** Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits

| Case Title | Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| AKO Engineering Inc. | 2016-CV-000007 | Breach of Contract | KANSAS SECRETARY OF STATE 120 SW 10TH AVENUE MEMORIAL HALL, 1ST FL TOPEKA, KS 66612-1594 | Pending |

Debtor Name: Nicsa Industrial Supplies, LLC                    Case Number:   16-10794

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 7, Question 14:** Previous addresses

| Address | Dates of occupancy From | Dates of occupancy To |
|---|---|---|
| 8800 JAMEEL RD STE 190<br>HOUSTON, TX 77040 | 2/2012 | 1/2016 |
| PO BOX 949<br>FULSHEAR, TX 77441 | 2/2016 | Present |

Debtor Name:        Nicsa Industrial Supplies, LLC                                    Case Number:        16-10794

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 10, Question 20:** Off-premises storage

| Facility name and address | Names of anyone with access to it | Address | Description of the contents | Does debtor still have it? |
|---|---|---|---|---|
| SOLUCAR COMPLEX SANLUCAR LA MAYOR , TX SPAIN | Monica Rodriguez | 5240 WEST GRAND PARKWAY S RICHMOND, TX 77407 | Commercial documentation and accounting records of the company. | Yes |
| SOLUCAR COMPLEX SANLUCAR LA MAYOR , TX SPAIN | Jaclyn Dixon | 5240 WEST GRAND PARKWAY S RICHMOND, TX 77407 | Commercial documentation and accounting records of the company. | Yes |
| SOLUCAR COMPLEX SANLUCAR LA MAYOR , TX SPAIN | Veronika Merchant | 5240 WEST GRAND PARKWAY S RICHMOND, TX 77407 | Commercial documentation and accounting records of the company. | Yes |

Debtor Name: Nicsa Industrial Supplies, LLC                                        Case Number:   16-10794

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 13, Question 26a:** List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

| Name and address | Dates of service From | Dates of service To |
|---|---|---|
| ANGELES GONZALEZ, MARIA<br>PASEO CASTELLANA #43 1A PLANTA<br>MADRID, 28046 SPAIN | 12/31/2009 | Present |
| PUENTE, ALMA<br>PO BOX 949<br>FULSHEAR, TX 77441 | 5/31/2013 | 12/25/2015 |
| RODRIGUEZ, MONICA<br>PO BOX 949<br>FULSHEAR, TX 77441 | 10/12/2012 | Present |
| VASQUEZ, VICENTE<br>PO BOX 949<br>FULSHEAR, TX 77441 | 4/30/2012 | 7/25/2014 |

Debtor Name: Nicsa Industrial Supplies, LLC                          Case Number:   16-10794

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 13, Question 26b:** List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a
financial statement within 2 years before filing this case.

| Name and address | Dates of service From | Dates of service To |
| --- | --- | --- |
| HOLTZMAN PARTNERS<br>1710 WEST SIXTH STEET<br>AUSTIN, TX 78703 | 1/2014 | 12/2014 |
| MARK KELLEY<br>9534 HUFFMEISTER RD<br>HOUSTON, TX 77095 | 1/2013 | 12/2013 |

Debtor Name:          Nicsa Industrial Supplies, LLC                    Case Number:          16-10794

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 13, Question 26c:** List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| ANGELES GONZALEZ, MARIA<br>PASEO CASTELLANA #43 1A PLANTA<br>MADRID, 28046 SPAIN | |
| RODRIGUEZ, MONICA<br>PO BOX 949<br>FULSHEAR, TX 77441 | |

| Debtor Name: | Nicsa Industrial Supplies, LLC | | Case Number: | 16-10794 |

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 13, Question 26d:** List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

| Name and address |
| --- |

During the preceding two years, Abengoa, S.A., the indirect parent company of the Debtor, filed quarterly and annual reports with the Securities and Exchange Commission ("SEC") foreign private issuer pursuant to Rule 13a-16 or 15d-16 under the Securities Exchange Act of 1934. These financial statements are publicly available and may have been used by banks, customers, governmental authorities, suppliers, rating agencies and others. In addition, the Debtor may have provided certain parties, such as banks, auditors, vendors and financial advisors financial statements that may not be part of a public filing. The Debtor does not maintain complete lists to track such disclosures. As such, the Debtor has not provided lists of these parties in response to Statement 26d.

Debtor Name: Nicsa Industrial Supplies, LLC                                      Case Number:   16-10794

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 13, Question 28:** List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

| Name and address | Position and nature of any interest | % of interest, if any |
|---|---|---|
| ABEINSA LLC<br>8800 JAMEEL ROAD<br>SUITE 190<br>HOUSTON, TX 77040 | Shareholder | 100.00% |
| DOMINGUEZ, ALFONSO GONZALEZ<br>8800 JAMEEL ROAD<br>SUITE 190<br>HOUSTON, TX 77040 | President | 0.00% |
| GARCIA, DAVID GOMEZ<br>8800 JAMEEL ROAD<br>SUITE 190<br>HOUSTON, TX 77040 | Director | 0.00% |
| GARCIA, JOSE CARLOS GOMEZ<br>8800 JAMEEL ROAD<br>SUITE 190<br>HOUSTON, TX 77040 | Chief Executive Officer | 0.00% |
| GONZALEZ, MARIA ANGELES<br>8800 JAMEEL ROAD<br>SUITE 190<br>HOUSTON, TX 77040 | Treasurer | 0.00% |
| RUIZ, XAVIER<br>8800 JAMEEL ROAD<br>SUITE 190<br>HOUSTON, TX 77040 | Secretary | 0.00% |

Debtor Name: Nicsa Industrial Supplies, LLC                                    Case Number: 16-10794

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 13, Question 29:** Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?

| Name and address | Position and nature of any interest | Period during which position or interest was held From | Period during which position or interest was held To |
|---|---|---|---|
| MERCHANT, VERONIKA<br>8800 JAMEEL ROAD<br>SUITE 190<br>HOUSTON, TX 77040 | | 5/17/2009 | 02/05/16 |